UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jose C.,

    Plaintiff,

    v.                               Civil Action No. 2:13-cv-220-jmc

Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER
(Docs. 20, 24)

On March 31, 2019, the Social Security Administration (SSA) issued a notice of award to Plaintiff Jose C. advising him that he was entitled to disability benefits. (Doc. 20-2.) On April 3, 2019, Plaintiff's counsel, Craig Jarvis, properly filed a Motion for Attorney's Fees with this Court seeking attorney's fees due under a contingent fee agreement. (Doc. 20.) Subsequently, on May 16, 2019, Attorney Jarvis filed an Amended Motion for Attorney's Fees modifying the amount requested. (Doc. 24.) For the reasons set forth below, the Amended Motion for Attorney's Fees (Doc. 24) is GRANTED, in part, and the Motion for Attorney's Fees (Doc. 20) is DENIED as MOOT.

## Legal and Factual Background

To contextualize the factual background, the Court briefly summarizes the statutory structure governing the fees an attorney may earn for representing a plaintiff claiming Social Security benefits. Section 406 of "the Social Security Act

'discretely' addresses attorney's fees for the administrative and judicial-review stages: '§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)); *see generally* 42 U.S.C. § 406. In administrative proceedings, if the claimant has a fee agreement with his or her attorney, § 406(a)(2) caps the attorney's fees at the lesser of twenty-five percent of past-due benefits or a dollar amount currently set at $6,000. *See* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009). At the judicial-review stage in federal court, § 406(b)(1)(A) limits attorney's fees to no more than twenty-five percent of past-due benefits and allows the SSA to withhold past-due benefits to pay those fees.

In addition to § 406 attorney's fees, under the Equal Access to Justice Act (EAJA), "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)). A fee award may be made under both 42 U.S.C. § 406(b) and the EAJA, but "the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Id.* (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186). In other words, an EAJA award offsets an award under § 406, so that a Social Security claimant may receive one-hundred percent of the past-due benefits. *Id.*

With that legal structure in mind, the Court turns to facts of this case. On August 16, 2013, after the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) at all levels of administrative review, Attorney Jarvis timely filed a Complaint in this Court on behalf of Plaintiff. (*See generally* Doc. 1.) To compensate counsel for representing Plaintiff in federal court,[1] Plaintiff and Jarvis entered into a contingent fee agreement (the Federal Court Agreement). (*See* Doc. 20-4.) The Federal Court Agreement stated that Jarvis would "receive . . . an amount equal to twenty-five percent (25%) of all past-due benefits awarded to [Plaintiff]." (*Id.* ¶ 1.) In addition to past-due benefits, under the Federal Court Agreement, Plaintiff assigned Jarvis any attorney's fees awarded under the EAJA. (*Id.* ¶ 2.) The Federal Court Agreement specified, however, that "in no case shall the cumulative award of attorney fees exceed 25% of past-awarded benefits, unless EAJA fees alone would exceed that amount." (*Id.* ¶ 3.) Finally, Plaintiff agreed to reimburse any costs and expenses that Jarvis paid on Plaintiff's behalf "from [Plaintiff's] share of the recovery." (*Id.* ¶ 4.)

On April 18, 2014, this Court reversed the Commissioner's position pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the matter to the SSA for further administrative proceedings. (Doc. 13; *see also* Doc. 12.) Ten days later, in an April 28 Order, this Court awarded Plaintiff $5,864.50 in attorney's fees under the EAJA. (Doc. 19.)

---

[1] Apparently, Plaintiff and Jarvis had previously entered into a different fee agreement for representation before the SSA, although that agreement is not in the record. (*See* Doc. 20-4 ¶ 3 (stating that agreement for representation before the SSA remained in effect)).

3

On remand from this Court, the Commissioner again denied Plaintiff's DIB application, and he appealed to the U.S. District Court for the Southern District of Florida, where he then resided. (Doc. 20-9 at 1–4.) On August 23, 2017, the Florida district court remanded Plaintiff's case to the Commissioner for further proceedings. (*Id.* at 24.) Approximately two months later, on October 10, the Florida district court also awarded Plaintiff $5,550 in attorney's fees under the EAJA. (Doc. 20-3 at 1.)

Following the second remand to the Commissioner, on March 31, 2019, the SSA issued a notice of award to Plaintiff advising him that he was entitled to disability benefits. (Doc. 20-2.) The notice also informed him that the SSA had approved the fee agreement between Plaintiff and Attorney Jarvis governing Jarvis's representation before the SSA. (*Id.* at 3.) Pursuant to this agreement and in accordance with 42 U.S.C. § 406(a)(2), Jarvis could recover no more than $6,000 in attorney's fees for the work that Jarvis had performed in the administrative proceedings before the SSA. (*Id.*); *see also* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009).

Further, the notice advised Plaintiff that he was entitled to past-due benefits of $78,503.00 and that, pursuant to SSA policy, the SSA had withheld twenty-five percent of his past-due benefits to pay any fees due to Attorney Jarvis under the Federal Court Agreement. (*Id.* at 4.) Twenty-five percent of $78,503.00 is $19,625.75.

Finally, as described above, in the course of these proceedings, Jarvis has been assigned a total of $11,414.50 in EAJA fees pursuant to the terms of the Federal

4

Court Agreement. (Doc. 20 at 2; Doc. 20-4 ¶ 2.) That total includes $5,864.50 that this Court awarded on April 28, 2014 (Doc. 19) and $5,550 that the Florida district court awarded on October 10, 2017. (Doc. 20-3 at 1.)

In his original Motion for Attorney's Fees (Doc. 20), Jarvis asked this Court to enforce the Federal Court Agreement and to award 25% of the past-due benefits due to Plaintiff, or $19,625.75 in attorney's fees, which is the maximum amount allowed under 42 U.S.C. § 406(b). (Doc. 20 at 3.) Jarvis also acknowledged in his Motion that he was required by law to reimburse the EAJA fees to Plaintiff (*id.*); however, Jarvis sought to deduct his unpaid legal expenses from the EAJA fees, as well as the $6,000 in attorney's fees previously approved by the SSA under § 406(a). (*Id.*)

The Acting Commissioner of Social Security filed a response advising this Court that the SSA did not object to Jarvis's request for $19,625.75 in attorney's fees under § 406(b) because the amount requested did not exceed the statutory cap or constitute a windfall and there was no evidence of fraud or overreaching. (Doc. 22 at 1.) But the Acting Commissioner opposed Jarvis's request to deduct expenses from the EAJA fees, arguing instead that expenses are not contemplated under § 406(b) and, as a result, "the Court should order counsel to refund all EAJA fees directly to [Plaintiff], without reduction." (*Id.*)

Subsequently, Jarvis filed an Amended Motion for Attorney's Fees. (Doc. 24.) In his Amended Motion, Jarvis again asks this Court to enforce the Federal Court Agreement and to award $19,625.75 in attorney's fees to Jarvis. (*Id.* at 1.) With regard to EAJA fees, however, Jarvis acknowledges that the Federal Court

5

Agreement states that "in no case shall the cumulative award of attorney fees exceed 25% of past-awarded benefits, unless EAJA fees alone would exceed that amount." (Doc. 20-4 ¶ 3.) Based on this contractual language capping attorney's fees, Jarvis no longer seeks to deduct $6,000 in § 406(a) fees from the EAJA fees. (Doc. 24 at 1.) However, Jarvis still asks this Court for an order allowing him to deduct his unpaid legal expenses ($1,629.04) from the EAJA fees prior to reimbursing Cubero. (*Id.*) The Acting Commissioner has not yet responded to Jarvis's Amended Motion.

## Analysis

As an initial matter, Attorney Jarvis's Amended Motion for Attorney's Fees (Doc. 24) supersedes his Motion for Attorney's Fees (Doc. 20) and renders that original motion moot.

Next, because the attorney's fees requested by Jarvis are not unreasonable under 42 U.S.C. § 406(b), the Court awards Jarvis $19,625.75 in attorney's fees from the past-due benefits. As described above, § 406(b) governs attorney's fees for representation in judicial proceedings. The relevant subsection provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). In determining whether the fee requested is reasonable, courts first look to the contingent-fee agreement. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the

6

attorney and client."). While a court should give deference to the parties' intent in the fee agreement, if the court concludes that the fee is unreasonable, the court may reduce the fee. *Id.* The following factors may provide a basis for refusing to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory twenty-five percent cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Id.* at 372; *see also Gisbrecht*, 535 U.S. at 807 (discussing first and third factors).

Here, as described above, the Federal Court Agreement limited Jarvis's fees to twenty-five percent of all awarded past-due benefits (Doc. 20-4 ¶ 3), which does not exceed the statutory cap under 42 U.S.C. § 406(b)(1)(A). Second, there is no evidence of fraud or overreaching in the making of the Federal Court Agreement. Finally, the requested amount is not so large as to constitute a windfall. Jarvis indicates that he spent 76.7 hours representing Plaintiff before this Court and the Florida district court (*see* Docs. 20-5; 20-6); dividing $19,625.75 by 76.7 hours results in a reasonable hourly rate of $255.86. *See Ayers v. Comm'r of Soc. Sec.*, No. 1:07-cv-155-jgm, 2013 WL 5603008, at *1 (D. Vt. Oct. 11, 2013); *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 356–57 (E.D.N.Y. Feb. 10, 2015) (discussing § 406(b) fee cases in Second Circuit and reducing fee award to a sum reflecting hourly rate of $350, down from $1,000); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638–39 (E.D.N.Y. Jan. 24, 2015) (reducing from $1,000 to $350). Moreover, Jarvis's representation involved separate appeals to this Court and the Florida district court over multiple years, which ultimately

resulted in a successful outcome for Plaintiff.  *See Ayers*, 2013 WL 5603008, at *1 (stating other factors to consider are the attorney's degree of success and the amount of effort required).  Accordingly, after considering the relevant factors, the Court concludes that an award of $19,625.75 in § 406(b) attorney's fees is reasonable.

But the Court also concludes that Attorney Jarvis may not deduct his expenses from the EAJA award that he is required to remit to Plaintiff.  As noted above, although a fee award may be made under both 42 U.S.C. § 406(b) and the EAJA, by law, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht*, 535 U.S. at 796 (alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186).  In this case, as Jarvis acknowledges, he must remit the EAJA fees because those fees are smaller than the § 406(b) fees.  However, nothing in the law authorizes Jarvis to deduct expenses prior to refunding the smaller fee.  Instead, a claimant's obligation to pay his attorney "is controlled not by the EAJA but by contract and the law governing that contract."  *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010).  (*See* Doc. 20-4.)  Here, Plaintiff agreed to reimburse any costs and expenses that Jarvis paid on his behalf "from [Plaintiff's] share of the recovery."  (Doc. 20-4 ¶ 4.)  In making his argument to deduct expenses, Jarvis points to this contractual language and asserts that it would expedite matters for him to deduct expenses prior to remitting the EAJA fees to Plaintiff.  (Doc. 23 at 3–4.)  That may be true as a practical matter, but the Federal Court Agreement does not allow Jarvis to unilaterally deduct expenses from EAJA fees; instead, the Federal Court Agreement requires Plaintiff to pay expenses from the "recovery."  (Doc. 20-4 ¶ 4.)

In sum, by law, Jarvis is required to reimburse the EAJA award to Plaintiff; nothing in either the law or the Federal Court Agreement permits Jarvis to deduct expenses from the EAJA fees. Plaintiff's obligation to reimburse counsel for the valid expenses that have been incurred is governed by the contract between Plaintiff and counsel.

## Conclusion

Jarvis's Amended Motion for Attorney's Fees (Doc. 24) is GRANTED in part. It is hereby ORDERED, pursuant to 42 U.S.C. § 406(b), that attorney's fees in the amount of $19,625.75, be made payable to Craig Jarvis, Esq. It is further ORDERED that Jarvis remit to Plaintiff the amount of $11,414.50, representing the full amount of attorney's fees previously awarded to him under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Finally, Jarvis's original Motion for Attorney's Fees (Doc. 20) is DENIED as MOOT.

Dated at Burlington, in the District of Vermont, this 9th day of July 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge